

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ALAN H. SCHEINER**
*Senior Counsel*
Phone: (212) 356-2344
Fax: (212) 356-3509
aschein@law.nyc.gov

December 8, 2017

<u>**VIA ECF**</u>

Honorable Margo K. Brodie
U.S. District Court Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Honorable Allyne R. Ross
U.S. District Court Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Wenona Small, et al. v. City of New York, et al.*, 17-cv-04315(MKB)(JO)(EDNY)
              *Zaquanna Albert v. City of New York, et al.*, 17-cv-03957(ARR)(SMG) (EDNY)

Your Honors:

    I write on behalf of the City of New York (the "City") respectfully request that the Court consolidate the above-captioned two related matters for at least all pre-trial purposes, with consolidation for trial to be determined at a later date.[1] The plaintiffs in *Small* consent to this request, for pre-trial purposes. The City's counsel contacted the plaintiffs' counsel in *Albert* concerning this issue. Counsel stated that the *Albert* plaintiffs take no position on consolidation but if the cases are consolidated, they request that the case be assigned to the Judge presiding over the *Albert* matter because it was the first-filed matter in this District.

    The complaints in the two matters show that they arise from the very same incident: the fatal shooting of their decedent, Delrawn D. Small Dempsey, by an off-duty police officer, P.O. Wayne Isaacs, at or about midnight on the morning of July 4, 2016, on Atlantic Avenue in

---

[1] This office does not represent P.O. Isaacs in either matter.

Brooklyn. *Albert v. City*, Complaint ("Albert"), Docket No. 1, ¶¶ 31-33; *Small v. City*, Complaint ("Small"), Docket No. 1, ¶¶ 27-28. The *Albert* complaint adds a few other details: that the vehicles driven by P.O. Isaacs had "cut off" the vehicle drive by the decedent, that the decedent was upset by this, and the decedent exited his car and approached P.O. Isaacs' car, at which point he was shot three times. Albert, ¶¶ 29-33.

As procedural background: On June 29, 2017, plaintiffs commenced the *Small* cases in New York State court, and the City was served on or about July 10, 2017. On June 30, 2017, plaintiffs commenced the *Albert* case in this Court, but the City was not served in the matter until September 20, 2017. On July 20, 2017, in light of the purported Section 1983 claims in the *Small* complaint, the City removed the *Small* case to this court. Thereafter, the *Albert* and *Small* cases were both stayed upon consent of all parties pending completion of a criminal prosecution against P.O. Isaacs arising from the incident giving rise to these actions. That prosecution ended in acquittal of P.O. Isaacs at trial on November 6, 2017.

In the *Albert* matter, On November 29, 2017, Magistrate Judge Gold recently scheduled a status conference for December 12, 2017. In the *Small* matter, on November 15, 2017, the stay was lifted at the request of plaintiffs and the Court set a date of December 4, 2017, to respond to the complaint. On December 4, 2017, the City filed a pre-motion letter concerning a motion to dismiss in *Small* (Docket No. 11), and on December 8, 2017, the City will file a motion to stay discovery pending the outcome of that motion. The City intends to file a pre-motion letter proposing a motion to dismiss the *Albert* complaint and a request for a stay of discovery in the *Albert* case pending the outcome of the motion, for similar and additional reasons as those set forth in the *Small* case.[2]

Rule 42(a) of the Federal Rules of Civil Procedure permits a court to consolidate actions pending before it if those actions involve "a common question of law or fact." *See* Fed. R. Civ. P. 42(a); *see also Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[c]onsolidation is appropriate where actions before the Court involve common questions of law or fact."). District courts have broad discretion to consolidate actions that satisfy this expansive standard if, under the circumstances, such consolidation will serve the interests of justice. *See, e.g., Johnson v. Celotex Corp.*, 899 F.2d. 1281, 1284 (2d Cir. 1990) ("trial courts have "broad discretion to determine whether consolidation is appropriate"); *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1505, 1513 (D. Colo. 1989). In deciding whether consolidation is appropriate, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such consolidation." *Sheet Metal Contractors Ass'n of Northern New Jersey v. Sheet Metal Workers' Int'l*, 978 F. Supp. 529, 531 (S.D.N.Y. 1997). Consolidation has been found to be appropriate in virtually every kind of action that can be brought in federal court, including § 1983 actions. *See, e.g., Hayes v. Coughlin*, 87-7401(CES)/89-5498(CES), 1991 U.S. Dist. LEXIS 10521, at *6 (S.D.N.Y. July 30, 1991).

---

[2] The City advised the Court in its filings in *Small* at Docket Nos. 7 & 11 that the *Albert* case was related and that the City intended to move to consolidate the actions at the appropriate time. Because the City was not initially served in *Albert* case and then the matter was stayed on the plaintiff's motion, defendants have not made any filings in *Albert* until this time.

Consolidation is unquestionably appropriate here.  It is manifest that the two matters involve the same operative facts (i.e., the events of the shooting); would require overlapping discovery if not dimsissed; and have numerous common legal issues, including, *inter alia*, the central questions raised in the City's pre-motion letter in the *Small* case: lack of state action or action within the scope of employment by P.O. Isaacs.  Damages issues overlap between all of the plaintiffs, because almost all purported damages arise from the pain and suffering of or loss of support from the same decedent.[3]  There is no risk here of "delay, confusion, or prejudice that might result from such consolidation," and therefore no reason *not* to consolidate the matter. *Sheet Metal Contractors Ass'n*, 978 F. Supp. at 531

In addition to arising from the same incident, the captions in the case bear some of the same plaintiffs' names.  The plaintiffs in *Albert* are Zaquanna Albert individually and as parent and guardian of ZI, a minor, and ZS, a minor.  The plaintiffs in the *Small* case include Z.S., an infant by his mother and guardian Zaquanna Albert.  The City presumed in its pre-motion letter filed in the *Small* case that the *Small* case was not brought on behalf of those two plaintiffs from *Albert*, who, despite being included in the caption and appearing in other parts of the complaint, are not named as parties in the "parties" section of the *Small* complaint.  (Small, ¶¶ 1-4.)  The City has asked the plaintiffs' attorneys in the *Albert* case whether their clients also purport to be plaintiffs in the *Small* case, and have received no response.  If the plaintiffs in *Albert* are also plaintiffs in *Small*, that would present additional common issues of law and fact in the two proceedings, including whether or not the plaintiffs have engaged in claim splitting or duplicative claims.  *See, e..g, Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("[A] court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions.")

We thank the Court for its consideration of this matter.

                                                    Respectfully submitted,

                                                    /s/
                                                  Alan Scheiner
                                                  Senior Counsel
                                                  Special Federal Litigation Division

cc:      All counsel (By ECF)

---

[3] Only standing issues may present non-common issues for plaintiffs, which appear limited to Albert, that purport to assert (incorrectly) 'zone of danger' claims on their own behalf, rather than wrongful death or estate claims.