UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

ZAQUANNA ALBERT, individually, ZANIAH ISAACS, ZAQUANNA ALBERT, as the parent and natural guardian of Z.S., a minor,

         Plaintiffs,

-against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT OFFICER WAYNE ISAACS; NEW YORK CITY POLICE DEPARTMENT DETECTIVE MARK SCARLATELLI (SHIELD NO. 6287); NEW YORK CITY POLICE DEPARTMENT DETECTIVE JOSEPH SOLOMON; NEW YORK CITY POLICE DEPARTMENT DETECTIVE PAUL PERODIN; NEW YORK CITY POLICE DEPARTMENT SGT. GEORGE TAVARES; NEW YORK CITY POLICE DEPARTMENT LT. VITALY ZELIKOV; and NEW YORK CITY POLICE DEPARTMENT OFFICER RACHEL CORSO (SHIELD NO. 23730), all of whom are sued in their individual capacity,

         Defendants.

------------------------------------------------------------------------- X

**FIFTH AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

No. 1:17-cv-03957-ARR-SMG

   Plaintiffs ZANIAH ISAACS, ZAQUANNA ALBERT, individually and as parent and natural guardian of and Z.S., and by their attorneys, Beldock Levine & Hoffman LLP, as and for her Third Amended Complaint against the defendants, alleges as follows:

**PRELIMINARY STATEMENT**

   1.  This civil rights action seeks redress through 42 U.S.C. § 1983 and New York State law for injuries plaintiffs sustained when New York City Police Department ("NYPD") Officer WAYNE ISAACS unlawfully shot and killed Delrawn Small and for injuries plaintiffs sustained when members of the NYPD, including MARK SCARLATELLI, JOSEPH SOLOMON, PAUL PERODIN, VITALY ZELIKOV, GEORGE TAVARES, and RACHEL CORSO separated plaintiffs from Mr. Small during the final moments of his life and searched, seized, and

interrogated them in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

2. Plaintiffs seek (i) compensatory damages for, *inter alia*, interference with the right to familial association, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys' fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action on each and every one of their claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff ZAQUANNA ALBERT is a citizen of the United States and the State of New York, and was at all times relevant to this complaint a resident of Kings County, City and State of New York.

8. Plaintiff ZAQUANNA ALBERT is the mother and natural guardian of Z.S., who is a minor. At all times relevant to this complaint Z.S. was approximately five months old. At all times relevant to this complaint Z.S. were residents of Kings County, City and State of New York.

9. Plaintiff ZANIAH ISAACS was at all times relevant was a resident of Kings County, in the City and State of New York.

10. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

11. The City is authorized by law to maintain a police department, and does maintain the NYPD, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12. Defendant WAYNE ISAACS is a New York City Police Officer who unlawfully shot and killed Delrawn Small, Ms. ALBERT's partner and the father of Z.S., as he was driving to Springfield Gardens, Queens, from the 79th Precinct on July 4, 2016.

13. Defendants MARK SCARLATELLI, JOSEPH SOLOMON, PAUL PERODIN, VITALY ZELIKOV, GEORGE TAVARES, and RACHEL CORSO are members of the NYPD who responded to the scene of Mr. Small's shooting.

14. Upon information and belief, defendants ISAACS, SOLOMON. PERODIN, SCARLATELLI, ZELIKOV, TAVARES, and CORSO are still NYPD Police Officers.

15. At all times relevant herein, SCARLATELLI, SOLOMON. PERODIN, ZELIKOV, TAVARES, and CORSO acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

16. At all times relevant herein, defendants SCARLATELLI, SOLOMON. PERODIN, ZELIKOV, TAVARES, and CORSO violated clearly established rights and standards under the Fourteenth Amendment to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

17. Plaintiffs served Notices of Claim upon the City of New York within 90 days of the incident.

18. On October 25, 2016, the New York City Law Department sent plaintiffs a letter stating, in sum and substance, that the 50-h hearings would not proceed until the conclusion of the criminal trial of defendant ISAACS.

19. More than 30 days have elapsed since plaintiffs served their Notices of Claim and the City has not offered adjustment or payment for their claims.

## STATEMENT OF FACTS

20. Plaintiff ZAQUANNA ALBERT is a mother of three and a lifelong Brooklyn resident.

21. ALBERT met Delrawn Small in or about February 2011.

22. ALBERT and Mr. Small began dating in or about September 2012.

23. Mr. Small moved in with ALBERT and her children in March 2013 and they harmoniously and continuously lived together until Mr. Small was shot and killed by defendant ISAACS on July 4, 2016.

24. Mr. Small is the father of ALBERT's youngest child, Z.S.

25. At approximately 11:45 PM, on July 3, 2016, Mr. Small, along with plaintiffs ALBERT, ZANIAH ISAACS, and Z.S. were driving to their Brooklyn home.

26. Shortly before midnight, Mr. Small, ALBERT, ZANIAH ISAACS, and Z.S. left a party and drove home.

27. As Mr. Small, ALBERT, ZANIAH ISAACS, and Z.S. drove down Atlantic Avenue in Brooklyn, they observed a car that was driven by defendant ISAACS, speeding and swerving across all lanes of traffic without using a turn signal.

28. Upon information and belief, defendant ISAACS had just completed his tour of duty at the 79th precinct and was driving to Queens.

29. Defendant ISAACS cut off Mr. Small's car.

30. Upon information and belief, after cutting off Mr. Small's car, defendant ISAACS made eye contact with the passengers in Mr. Small's car, including ALBERT and Z.I and exchanged looks with them.

31. Upon information and belief, Mr. Small was upset because defendant ISAACS came close to hitting a car that was carrying his young child, his live-in partner, and his live-in partner's daughter.

32. Shortly after being cut off by defendant ISAACS, both cars stopped at a traffic light at the intersection of Atlantic Avenue and Bradford Street.

33. After stopping at the intersection, Mr. Small got out of his car and approached defendant ISAACS's car, which was approximately one lane away.

34. Upon information and belief, as Mr. Small approached ISAACS's car, ISAACS falsely believed that Mr. Small may have been someone ISAACS had previously arrested.

35. Upon information and belief, as Mr. Small approached ISAACS's car, ISAACS was aware of his familial relationship with plaintiffs.

36. As Mr. Small approached defendant ISAAC's car, defendant ISAAC's rolled down his window, pulled out a gun, and shot Mr. Small three times. Defendant ISAACS was required to carry a firearm by defendant CITY.

37. Plaintiffs ALBERT, ZANIAH ISAACS, and Z.S. were within the zone of danger of the shooting, approximately seven feet away from defendant ISAACS's car, and watched, in a clear and unobstructed view, defendant ISAACS shoot Mr. Small in the head and torso.

38. After defendant ISAACS shot Mr. Small, ALBERT, fearing for her safety and the safety of her children, climbed into the driver seat and drove approximately two blocks down Atlantic Avenue before stopping and parking the car.

39. After being shot, Mr. Small stumbled towards the back of defendant ISAACS's car and fell to the ground.

40. Officer ISAACS did not attend to Mr. Small after the shooting.

41. Mr. Small was later pronounced dead.

42. Upon information and belief, NYPD officers are required to carry a firearm while they are off-duty, except under limited circumstances that the NYPD outlines.

43. Upon information and belief, the NYPD approves the type of firearms off-duty officers are permitted to carry.

44. Upon information and belief, defendant ISAACS was required to be carrying a gun at the time that he shot and killed Mr. Small.

45. Upon information and belief, defendant ISAACS was trained by the NYPD to shoot three shots before pausing to assess if there was any threat to himself or others.

46. Upon information and belief, the NYPD's regulations state that members of the service are strictly accountable for their conduct at all times, even while off-duty, and that all members of the service are subject at all times to the provisions of the NYPD Patrol Guide and other department regulations.

47. Upon information and belief, the location in which defendant ISAACS shot and killed Mr. Small was within his police jurisdiction.

48. Upon information and belief, defendant ISAACS's first action after shooting Mr. Small was calling his Police Benevolent Association (P.B.A.) representative.

49. Upon information and belief, defendant ISAACS later called 911.

50. Approximately ten minutes after the shooting, Emergency Medical Technicians ("EMT") and members of the NYPD, including defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO, arrived at the scene.

51. Upon information and belief, defendants SCARLATELLI, ZELIKOV, TAVARES, and/or CORSO interviewed defendant ISAACS and ALBERT at the scene of the shooting.

52. Following the shooting, defendants SCARLATELLI, ZELIKOV, TAVARES, and/or CORSO physically prevented ALBERT, ZANIAH ISAACS, and Z.S. from aiding and comforting Mr. Small, intentionally interfering with their right of familial association with Mr. Small.

53. Upon information and belief, ALBERT, ZANIAH ISAACS, and Z.S. were not at any time suspected of any crime or violation in connection with the incident.

54. Following the shooting, defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO removed ALBERT, ZANIAH ISAACS, and Z.S. from the scene, taking them to an NYPD precinct, further intentionally interfering with their right of familial association with Mr. Small.

55. Following the shooting, NYPD Detectives SOLOMON and PERODIN interrogated ALBERT about the shooting outside of the presence of a lawyer.

56. At the precinct, Z.S. was separated from her mother, upon information and belief, by SOLOMON AND/OR PERODIN and asked questions about the shooting outside the presence of her parents and outside the presence of a lawyer.

57. Upon information and belief, Mr. Small died while ALBERT, ZANIAH ISAACS, and Z.S. were at the precinct.

58. ALBERT will now be without the companionship and support of her live-in partner and the father of her youngest child for the rest of her life.

59. Z.S. will now be deprived of being raised by his father from the age of five-months onward.

60. Following the shooting, NYPD sources provided statements to the media about the incident that were factually inaccurate in order to cover up defendant ISAACS's misdeeds.

61. NYPD sources falsely told the media that defendant ISAACS was assaulted by Mr. Small.

62. NYPD sources falsely told the media that there was no opportunity for defendant ISAACS to de-escalate the situation.

63. NYPD sources falsely told the media that Mr. Small repeatedly punched defendant ISAACS in the head;

64. NYPD sources falsely told the media that defendant ISAACS was a victim, trapped in his vehicle;

65. NYPD sources told the media that defendant ISAACS discharged his firearm as he was being assaulted by Mr. Small.

66. NYPD sources further falsely stated that video surveillance footage showed Mr. Small attacking defendant ISAACS in his car.

67. On or about July 8, 2016, the New York Post obtained and released a surveillance video contradicting the NYPD's official account of the incident between Mr. Small and defendant ISAACS.

68. The video released by the New York Post shows defendant ISAACS shooting Mr. Small almost immediately after he approached defendant ISAACS's vehicle.

69. Upon information and belief, had the New York Post not released the surveillance video of defendant ISAACS shooting and killing Mr. Small, the NYPD's cover-up of the incident would have continued with the false narrative of Mr. Small assaulting defendant ISAACS.

70. On July 11, 2016, a week after Mr. Small was murdered, defendant ISAACS was stripped of his gun and badge.

71. ALBERT, along with Mr. Small's brother and sister, made the arrangements for Mr. Small's funeral.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Fourteenth Amendment Substantive Due Process**

72. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

73. Defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO intentional separation of plaintiff's from Mr. Small during the final moments of his life, violating plaintiffs' right to substantive due process of familial association under the Fourteenth Amendment to the United States Constitution.

74. Defendants' acts were outrageously arbitrary, oppressive, and conscience-shocking as to constitute a gross abuse of governmental authority.

75. In committing the acts complained of herein, defendants acted in bad faith and under color of law.

76. As a direct and proximate result of being denied their constitutional right to be free from the deprivation of liberty without due process, plaintiffs have suffered injuries and damages.

77. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 – Fourth, Fifth, and Fourteenth Amendment**

78. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. Defendants SOLOMON and PERODIN, acting individually and in concert, deprived plaintiffs of their clearly established constitutional rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, to freedom from unreasonable search and seizure and the right to counsel.

80. Defendants SOLOMON and PERODIN deprived plaintiffs of their right to protections from unreasonable search and seizure and the right to counsel by intentionally separating plaintiffs at the Precinct and questioning them about Small shooting outside the presence of a lawyer and/or parent.

81. Defendants SOLOMON and PERODIN acted knowingly, willfully, intentionally, recklessly, and/or negligently in depriving plaintiffs of their constitutional rights.

82. Defendants SOLOMON and PERODIN performed the above-described acts under color of state law and with deliberate indifference to plaintiffs clearly established constitutional rights. No reasonable office would have believed this conduct was lawful.

83. As a direct and proximate cause of the actions of defendants SOLOMON and PERODIN, plaintiffs suffered the damages and injuries set forth above.

## THIRD CAUSE OF ACTION
### Violations of the New York State Constitution

84. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

85. Plaintiffs realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. Such conduct breached the protections guaranteed to plaintiffs by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 11, and 12, and including the following rights:

   a. freedom from unreasonable search and seizure of their person and property;

   b. freedom from deprivation of liberty without due process of law.

86. As a direct and proximate result of defendants' deprivations of plaintiffs' rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiffs suffered the injuries and damages set forth above.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

87. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

88. Defendant ISAACS did commit extreme and outrageous conduct, firing a weapon within feet of plaintiffs and subjecting plaintiffs to witnessing the death of Mr. Small, and thereby intentionally, and/or recklessly caused plaintiffs to experience severe mental and emotional distress, suffering, and damage to name and reputation.

89. Defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly, namely separating plaintiff's from Mr. Small during a critical and traumatic moment, which caused plaintiffs to experience severe mental and emotional distress, suffering, and damage to name and reputation.

90. Defendants committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiffs' rights and are therefore liable for punitive damages.

### FIFTH CAUSE OF ACTION
**Negligence**

91. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

92. As a member of the NYPD, defendant ISAACS owed plaintiffs a duty of care to be free from reasonable apprehension of bodily harm or injury

93. Defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO owed plaintiffs a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from separation from their family members during a critical and traumatic moment.

94. Defendants through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

95. All of these acts were performed without any negligence on the part of plaintiffs and were the proximate cause of the injuries to plaintiffs.

### SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

96. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

97. As a member of the NYPD, defendant ISAACS owed plaintiffs a duty of care to be free from reasonable apprehension of bodily harm or injury.

98. As police officers acting in the performance of their duties, defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO owed plaintiffs a duty of care, which they breached by separating plaintiffs from Mr. Small during a critical and traumatic moment.

99. In breach of that duty, defendants endangered plaintiffs' safety, caused them to fear for their safety, and/or caused them to be separated from Mr. Small during the final moments of his life.

100. As a result, plaintiffs suffered emotional distress.

### SEVENTH CAUSE OF ACTION
### *Respondeat Superior*

101. Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

102. At all relevant times, defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO were employees of the City and were acting within the scope of their employment.

103. The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendants SCARLATELLI, ZELIKOV, TAVARES, and CORSO as set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiffs demand the following relief against the defendants, jointly and severally:

(a) compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b) punitive damages to the extent allowable by law;

(c) attorney's fees;

(d) the costs and disbursements of this action;

(e) interest; and

(f) such other and further relief as this Court deems just and proper.

Dated: August 10, 2020
New York, New York

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

/s/ David B. Rankin

David B. Rankin

*Attorneys for Plaintiffs Zaniah Isaacs, Zaquanna Albert, Individually and as parent and natural guardian of, and Z.S.,a minor.*